UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD RAY, JR.,

        Plaintiff,

   v.

CAESAR BASA, et al.,

        Defendants.
                                /

No. C 11-2923 YGR (PR)

**ORDER OF DISMISSAL WITH PREJUDICE**

On June 14, 2011, Plaintiff, a California inmate currently housed at a prison in La Palma Correctional Center, in Eloy, Arizona filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983, complaining of acts and omissions that occurred in 2006. The Court dismissed the original complaint, with directions to file an amended complaint. Plaintiff was specifically instructed to address the issue that his claims are barred by the statute of limitations. He has filed an amended complaint realleging the same claims, "requesting a jury trial and adding additional damages and defendants. . . . " (Am. Compl. at 1.)

As of 2002, the statute of limitations for civil actions filed in California is two years, as set forth at California Civil Procedure Code § 335.1, which is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Because an inmate suffers from the disability of imprisonment, an inmate has, for claims accruing after 2002, four years to bring a § 1983 claim for damages in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment. Under federal law, a claim generally accrues for calculating the statutory limitations period when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Although the statute of limitations is an affirmative defense that normally may not be

raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint because the acts and omissions giving rise to the claims took place on or about August 27, 2006, more than four years before this action was filed in June 2011. The Court has given Plaintiff the opportunity to show cause why the action should not be dismissed as time-barred. He was informed that he was "not limited to arguing only equitable tolling -- he may submit any argument he has to show that the statute of limitations does not bar this action." (Oct. 12, 2011 Order at 4.) Instead of responding to the Court's inquiries relating to the statute of limitations, Plaintiff filed an amended complaint realleging the same claims and adding "additional damages and defendants." (Am. Compl. at 1.) Nowhere in his amended complaint does Plaintiff address the apparent untimeliness of the complaint. On such a record, Plaintiff has not shown cause why the statute of limitations should not bar this action. Accordingly, this action is DISMISSED with prejudice. The Clerk of the Court shall enter judgment in favor of Defendants, terminate as moot all pending motions (Docket No. 11), and close the file.

IT IS SO ORDERED.

DATED: October 30, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.11\Ray2923.DISM(sol).wpd            2