UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RAY, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>CAESAR BASA, et al.,<br><br>    Defendants. | No. C 11-2923 YGR (PR)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; VACATING OCTOBER 30, 2013 DISMISSAL ORDER; REOPENING ACTION; AND SERVING CLAIMS** |

## INTRODUCTION

This closed federal civil rights action, which is currently on appeal, was filed by a *pro se* state prisoner. The Ninth Circuit Court of Appeals has referred the matter to this Court for a determination whether Plaintiff's *in forma pauperis* ("IFP") status should continue for this appeal.

Before it responds to the Ninth Circuit's referral, the Court first provides the following background regarding the facts and procedural posture of this action. In addition, for the reasons set forth below, the Court construes Plaintiff's notice of appeal as a motion for reconsideration and GRANTS it.

## BACKGROUND

On June 16, 2011, Plaintiff filed a the instant *pro se* prisoner complaint under 42 U.S.C. § 1983. Following Plaintiff's incarceration in Santa Rita Jail on multiple robbery charges brought against him in 2006, the Alameda County Social Services Agency, Department of Children and Family Services initiated proceedings that resulted in him losing custody of his four-year-old daughter, Kymberly Ray. This matter deals with alleged constitutional violations stemming from incidents prior to and during the proceedings that resulted in him losing custody of his daughter.

In an Order dated October 12, 2011, the Court included the following factual background regarding Plaintiff's claims in his original complaint:

> . . . Ray alleged that (1) Oakland police sergeant Caesar Basa took his child into custody on August 27, 2006, without a warrant, (2) Alameda County Department of Children and Family Services caseworker Susan Shaddick conspired with police

>and violated plaintiff's right to due process when she "furthered the proceedings by the continued seizure of the child," Complaint, p. 3; and (3) Oakland police sergeant George Phillips "made several unfounded and unproven statements" that were used to remove the child, and amounted to libel, slander, defamation of character and a due process violation. Ray further alleged that defendant City of Oakland "had a responsibility to ensure that the officers they employ followed the proper laws in the removal of a child from its home." *Id.* In his prayer for relief, he requested that his parental rights be restored, that the "record" be corrected, that the officers be reprimanded and trained, and that he receive damages. *Id.*
>
>This is not Ray's first effort to sue over the proceedings that resulted in him losing custody of his daughter. In *Ray v. Hobbs*, No. C 09-252 SI, Ray sued the Alameda County Social Services Agency, Department of Children and Family Services ("DCFS") and DCSF family maintenance worker Nathan Hobbs, alleging they had made defamatory statements that injured plaintiff's reputation and caused him to lose parental rights, including custody of his daughter and the ability to visit with her. The 2009 case (like this case) was based on the removal of Ray's child on August 27, 2006 and ensuing events. In the 2009 case, this court granted summary judgment in defendants' favor on February 22, 2011, and the United States Court of Appeal for the Ninth Circuit summarily affirmed the judgment on September 12, 2011.

(Oct. 12, 2011 Order at 1-2.)

In its October 12, 2011 Order in the instant case, the Court determined that Plaintiff's claims appeared on the face of the complaint to be time-barred because the acts and omissions giving rise to these claims took place on or about August 27, 2006, more than four years before this action was filed in June 2011. (Oct. 12, 2011 Order at 3.) The Court explained that the statute of limitations problem appeared complete and obvious from the face of the complaint, and directed Plaintiff to show cause why the action should not be dismissed as time-barred. (*Id.*)

On November 7, 2011, Plaintiff filed his response to the Court's October 12, 2011 Order.

On January 28, 2012, this matter was reassigned to the undersigned judge.

On February 16, 2012, Plaintiff filed an amended complaint, in which Plaintiff realleged the same claims as those in his original complaint and requested "a jury trial and adding additional damages and defendants. . . . " (Am. Compl. at 1.) Specifically, Plaintiff added the following Defendants: Oakland Police Department; Alameda County; and Alameda County Social Services Agency Child Welfare Supervisor Tom Nolan.

In an Order dated October 30, 2013, the Court inadvertently dismissed the amended complaint without considering Plaintiff's November 7, 2011 response to the Court's October 12, 2011 Order. The Court stated:

2

> Instead of responding to the Court's inquiries relating to the statute of limitations, Plaintiff filed an amended complaint realleging the same claims and adding "additional damages and defendants." (Am. Compl. at 1.) Nowhere in his amended complaint does Plaintiff address the apparent untimeliness of the complaint. On such a record, Plaintiff has not shown cause why the statute of limitations should not bar this action.

(Oct. 30, 2013 Order at 2.)

On November 21, 2013, Plaintiff filed a notice of appeal, alerting the Court that it had dismissed the amended complaint without considering the full record -- i.e., Plaintiff's November 7, 2011 response relating to the statute of limitations problem.

On November 25, 2013, the Ninth Circuit filed its Order referring the matter to this Court for a determination whether Plaintiff's IFP status should continue for this appeal.

## DISCUSSION

**I.    Notice of Appeal, Motion for Reconsideration and Ninth Circuit Referral**

This Court construes Plaintiff's notice of appeal to be a motion for reconsideration and GRANTS it. Because Plaintiff did respond to the Court's October 12, 2011 Order, the October 30, 2013 Order of Dismissal and Judgment are now VACATED. The Clerk of the Court shall reopen the file. Accordingly, the Court finds that it need not respond to the Ninth Circuit's November 25, 2013 Order because the appeal would essentially be moot if the Ninth Circuit dismisses the appeal after the Clerk reopens this matter. Instead, the Clerk is directed to send a copy of this Order to the Ninth Circuit so it can decide whether or not to dismiss the appeal.

**II.   Plaintiff's November 7, 2011 Response to Statute of Limitations Problem**

The Court now considers Plaintiff's November 7, 2011 response to its October 12, 2011 order to show cause why this action should not be dismissed as time-barred. Among other reasons, Plaintiff claims that he is entitled to two years of tolling of the statute of limitations period for the disability of imprisonment because he was not released from custody during pretrial proceedings and he is now in prison serving a prison term of less than life. *See* Cal. Civ. Proc. Code § 352.1. Plaintiff also claims that he "only recently learned of the 'critical facts' of his injury, which are 'that he has been hurt and who has inflicted the injury.'" (Nov. 7, 2011 Resp. at 2 (emphasis in original).) Plaintiff's statements in his November 7, 2011 response lead the Court to conclude that it cannot sua

3

sponte dismiss the amended complaint (the operative complaint in this action) as time-barred. Plaintiff might be able to avoid a statute of limitations bar to his amended complaint. This is not a determination that the amended complaint is timely but instead is only a determination that the Court is unable at this point to conclusively determine that the amended complaint is barred by the statute of limitations. Therefore, the Court will now review the amended complaint below.

### III.   Order of Service

#### A.   Amended Complaint

In his amended complaint, Plaintiff realleges the same four claims from his original complaint mentioned above dealing with Defendants Basa, Shaddick, Phillips and the City of Oakland. In addition, Plaintiff submits documentation indicating that a child dependency petition was filed under California Welfare & Institutions Code § 300(b) alleging that he and his wife failed to protect his daughter, Kymberly Ray. As explained above, Plaintiff adds the Oakland Police Department, the County of Alameda and Defendant Nolan (Defendant Shaddick's supervisor) as named Defendants. Plaintiff alleges Defendants violated his constitutional rights prior to and during the child dependency proceedings in Alameda County. Specifically, Plaintiff alleges that Defendants Basa, Shaddick, Phillips and Nolan made false statements that he was unable to provide care to his daughter. Plaintiff also alleges that all or some of these Defendants falsely reported that he had a substance abuse problem, that he and his wife engaged in domestic violence in their daughter's presence, and that his "camper" or trailer home had no running water, no working refrigerator, and no working toilet facilities. Allegedly as a result of these statements (specifically those dealing with "substance abuse" and "domestic violence"), Plaintiff lost his parental rights, lost his visitation rights, and his wife was awarded sole custody of the daughter. Plaintiff further alleges that Defendants Oakland Police Department and the County of Alameda are liable as municipal defendants (similar to his claim against Defendant City of Oakland) for the aforementioned actions of Defendants Basa, Shaddick, Phillips and Nolan. Plaintiff again seeks monetary damages.

#### B.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### C.     Legal Claims

The amended complaint, liberally construed, states a claim under 42 U.S.C. § 1983 for due process violations by Defendants Basa, Shaddick, Phillips and Nolan for their alleged involvement prior to and during child dependency proceedings in which the county and county agents sought the removal of Plaintiff's child based on false information. *See Santosky v. Kramer*, 455 U.S. 745, 753 (1982) (noting that the Court had long "recognized that freedom of personal choice in matters of family life is a fundamental liberty interest protected by the Fourteenth Amendment"); *see also Wallis v. Spencer*, 202 F.3d 1126, 1136-37 (9th Cir. 2000). Service of process will be ordered below on these aforementioned Defendants.

Defamation alone is not a constitutional violation, even when done under color of state law. *See Paul v. Davis*, 424 U.S. 693, 701-710 (1976). Reputation is not a liberty or property interest protected by the Due Process Clause unless it is accompanied by "some more tangible interests." *Id.* at 701. "[A]lteration or extinguishment of 'a right or status previously recognized by state law,'" *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1185 (9th Cir. 2009) (quoting *Paul v. Davis*, 424 U.S. at 711), or violation of a right specifically secured by the Bill of Rights, *Cooper v. Dupnik*, 924 F.2d 1520, 1532 n.22 (9th Cir. 1991), constitute such "tangible" interests. This has become known as the "stigma-plus" test. *Humphries*, 554 F.3d at 1185. There are several ways to meet the "stigma-plus" test, e.g., alleging that the injury to reputation *caused* the denial of a federally protected right, or alleging that the injury to reputation was inflicted *in connection with* a federally protected right, or alleging that the challenged action "creates both a stigma and a tangible burden on

an individual's ability to obtain a right or status recognized by state law." *Humphries*, 554 F.3d at 1188; *Cooper*, 924 F.3d at 1532.  The stigma-plus test cannot be met by alleging collateral consequences of the defamation, such as loss of business, public scorn and potential loss of employment, *see Cooper*, 924 F.2d at 1534.

Liberally construed, the allegations of the amended complaint state a § 1983 defamation claim against Defendant Phillips.  Specifically, Plaintiff alleges that Defendant Phillips spoke to newspaper reporters and made defamatory statements including the following: that Plaintiff had a substance abuse problem that prevented him from caring for his daughter, and that there was a suspicion of domestic violence or child endangerment.  Plaintiff claims that he was never charged with any drug charges or charges involving domestic violence or child endangerment.  The amended complaint also has allegations, liberally construed, that these statements injured his reputation and caused him to lose parental rights, custody of his daughter, and the ability to visit with his daughter.

Finally, Plaintiff has not alleged grounds for municipal liability against Defendants City of Oakland, Oakland Police Department or County of Alameda based on any theory other than that of respondeat superior.  This is not a sufficient ground for municipal liability.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory).  Accordingly, Plaintiff's municipal liability claim against Defendants City of Oakland, Oakland Police Department and County of Alameda are DISMISSED.

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. The Court construes Plaintiff's notice of appeal as a motion for reconsideration and GRANTS it.

2. The Court's October 30, 2013 Order of Dismissal and Judgment are VACATED.  The Clerk of the Court shall reopen the file.

3. The Clerk is directed to send a copy of this Order to the Ninth Circuit so it can decide whether or not to dismiss the appeal.  The Court has determined above that it need not respond to the Ninth Circuit's November 25, 2013 Order because the appeal would essentially be moot after the Clerk reopens this matter.

4. Upon reviewing Plaintiff's statements in his November 7, 2011 response, the Court concludes that it cannot <u>sua sponte</u> dismiss the amended complaint as time-barred.

5. Plaintiff's amended complaint states a claim under 42 U.S.C. § 1983 for due process violations by Defendants Basa, Shaddick, Phillips and Nolan for their alleged involvement prior to and during child dependency proceedings in which the county and county agents sought the removal of Plaintiff's child based on false information.

6. Plaintiff's amended complaint also states a defamation claim against Defendant Phillips.

7. Plaintiff's municipal liability claim against Defendants City of Oakland, Oakland Police Department and County of Alameda are DISMISSED, as indicated above.

8. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (Docket No. 8) and a copy of this Order to the following:

- **Oakland Police Sergeants Caesar Basa and George Phillips; and**
- **Alameda County Social Services Agency Child Welfare Worker Susan Shaddick and Child Wefare Supervisor Tom Nolan.**

The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the California State Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

9. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is

necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

10. Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

9

        d.     Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

11. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

12. All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

13. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

14. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: December 11, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**