UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RAY, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>CAESAR BASA, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-2923 YGR (PR)<br><br>**ORDER GRANTING DEFENDANTS SHADDICK'S AND NOLAN'S MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL; AND SETTING BRIEFING SCHEDULE** |

**I.  Background**

Plaintiff filed the instant *pro se* prisoner complaint under 42 U.S.C. § 1983. Thereafter, he filed an amended complaint seeking monetary damages.

The following background is taken from the Court's December 11, 2013 Order reviewing the amended complaint:

> Following Plaintiff's incarceration in Santa Rita Jail on multiple robbery charges brought against him in 2006, the Alameda County Social Services Agency, Department of Children and Family Services initiated proceedings that resulted in him losing custody of his four-year-old daughter, Kymberly Ray. This matter deals with alleged constitutional violations stemming from incidents prior to and during the proceedings that resulted in him losing custody of his daughter.

(Docket No. 17 at 1.) Plaintiff submitted documentation with his amended complaint indicating that a child dependency petition was filed under California Welfare & Institutions Code § 300(b) alleging that he and his wife failed to protect Kymberly. Plaintiff claimed that he lost his parental rights, lost his visitation rights, and his wife was awarded sole custody of the daughter. He named the following Defendants for their alleged involvement prior to and during child dependency proceedings in which they sought Kymberly's removal based on false information: Oakland Police Sergeants Caesar Basa and George Phillips, the City of Oakland, Alameda County Department of Children and Family Services caseworker Susan Shaddick and her supervisor, Tom Nolan. Plaintiff further alleged that the City of Oakland "had a responsibility to ensure that the officers they employ followed the proper laws in the removal of a child from its home." (Compl. at 3.) He made similar allegations against the Oakland Police Department and the County of Alameda.

In its December 11, 2013 Order, the Court found that the amended complaint stated due process violations by Defendants Basa, Shaddick, Phillips and Nolan for their alleged involvement prior to and during the aforementioned child dependency proceedings. (Docket No. 17 at 5.) The Court also found that Plaintiff's amended complaint stated a defamation claim against Defendant Phillips. (*Id.* at 6.) The Court ordered service of the aforementioned Defendants by sending them waiver of service of summons forms. The Court dismissed Plaintiff's claims against the remaining Defendants -- the City of Oakland, the Oakland Police Department and the County of Alameda -- because Plaintiff failed to allege grounds for municipal liability against these Defendants based on any theory other than that of respondeat superior. (*Id.*)

To date, all of the served Defendants have returned their waivers of service. Defendants Shaddick and Nolan have filed their answer and motion for summary judgment. On April 28, 2014, Plaintiff filed his opposition to their motion for summary judgment. Defendants Shaddick's and Nolan's reply to the opposition is due on May 12, 2014.

Defendants Basa and Phillips have not yet filed their dispositive motion, which was due this past April 24, 2014. The Court notes that Defendant Basa's attorney from the Oakland Office of the City Attorney, Arlene Marcia Rosen, Esq., has not appeared on behalf of Defendant Phillips. Nor has Attorney Rosen filed an answer on Defendant Phillips's behalf. Instead, Attorney Rosen has filed an answer on behalf of the City of Oakland. However, the Court notes that the City of Oakland has been terminated as no longer a Defendant in this action as of December 11, 2013 for reasons mentioned above.

Before the Court is Defendants Shaddick's and Nolan's motion to file under seal certain documents pertaining to their motion for summary judgment, which is GRANTED for reasons explained below. (Docket No. 41.) The Court will also address Defendants Basa's and Phillips's overdue dispositive motion and set a new briefing schedule below.

**II.   Defendants Shaddick's and Nolan's Motion to File Certain Documents Under Seal**

Defendants Shaddick and Nolan have submitted a motion to file under seal the following documents pertaining to their motion for summary judgment, including: (1) the declaration of Defendant Shaddick, including Exhibits 1 through 4; and (2) Exhibits 1 through 8 of the declaration

of their attorney, Rebecca Widen, Esq. (Docket Nos. 41-3, 41-4.) These Defendants claim that the documents contain "sensitive information regarding minors involved in juvenile court proceedings, including but not limited to, the minor daughter of [P]laintiff." (Docket No. 41 at 1.) These Defendants add that "[j]uvenile court records are protected from public disclosure under California state law (Welfare & Institution Code § 827), and they should not become a part of the public record in the instant action." (*Id.* at 1-2.) Upon due consideration, Defendants Shaddick's and Nolan's motion to file the aforementioned documents under seal is GRANTED, as indicated below. (Docket No. 41.)

### III. Remaining Defendants' Overdue Dispositive Motion & Possible Notice of Related Cases

Defendants Basa's and Phillips's dispositive motion is presently overdue as the April 24, 2014 deadline has passed.

As noted above, while Defendant Phillips has filed a timely waiver of service, he has not yet filed an answer. The Court assumes that Attorney Rosen will be representing Defendant Phillips, who is an Oakland Police Department employee. Therefore, Attorney Rosen is directed to file an answer on behalf of Defendant Phillips, as directed below.

The Court notes that Plaintiff has another pending civil right action, Case No. C 11-5550 YGR (PR), against the Oakland Police Department officers who arrested Plaintiff for the robbery charges in 2006. Attorney Rosen also represents Defendants in that action. The Court notes that the dispositive motion is also overdue in that action. On May 2, 2014, Attorney Rosen wrote a letter to the Court to "apologize for [their] failure to file a dispositive motion as previously requested." (Docket No. 29 in Case No. C 11-5550 YGR (PR) at 1.) She then requests an extension of time up to and including "June 15, 2014"[1] to file their dispositive motion in that action. (*Id.*) She explains that the fact that Plaintiff has two cases "arising out of the same set of facts and circumstances" has led to "ongoing confusion about calendaring." (*Id.*) Finally, she claims that she "intends to file a notice of related actions shortly" for the instant action and Case No. C 11-5550 YGR (PR). (*Id.*)

If Attorney Rosen does intend to request for Plaintiff's two actions to be related, then she is

---

[1] The Court notes that June 15, 2014 is a Sunday.

3

1  directed to file a Notice of Related Cases in the case with the earlier filing date -- the instant action,
2  as directed below.  As to the overdue dispositive motions, the parties shall abide by the briefing
3  schedule outlined below for this action, and the Court will issue a separate written Order in Case No.
4  C 11-5550 YGR (PR).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     The Court GRANTS Defendants Shaddick's and Nolan's motion to file under seal certain documents pertaining to their motion for summary judgment. (Docket No. 41.)  Defendant Shaddick's declaration, including Exhibits 1 through 4, and Exhibits 1 through 8 of the declaration of Rebecca Widen Esq. In Support of Defendants Shaddick's and Nolan's Motion For Summary Judgment (Docket Nos. 41-3, 41-4) will be filed under seal and not available for inspection by the public or Plaintiff absent a court order permitting such inspection.  The Court notes that Attorney Widen has provided the Court with courtesy or chambers copies of the sealed documents.  Northern District of California General Order 79-5(d)(2), adopted on February 3, 2014, states as follows: "The courtesy or chambers copies of the sealed documents will be disposed of in accordance with the undersigned judge's discretion.  Ordinarily, these copies will be recycled, not shredded, unless special arrangements are made."  Attorney Widen has also e-filed the sealed documents in accordance with the instructions in Northern District of California General Order 79-5.  (Docket Nos. 41-3, 41-4.)  Thus, these documents are deemed filed and sealed on the date they were e-filed, April 11, 2014.  If she has not done so already, Attorney Widen shall mail to Plaintiff a copy of her declaration in support of Defendants Shaddick's and Nolan's motion for summary judgment (Docket No. 42-2), which is *not* one of the documents to be sealed, no later than **seven (7) days** from the date of this Order.

2.     Arlene Marcia Rosen, Esq. of the Oakland Office of the City Attorney is directed to file an answer on behalf of Defendant Phillips no later than **seven (7) days** from the date of this Order.

3.     Attorney Rosen may file a Notice of Related Cases in this action no later than **seven (7) days** from the date of this Order.  Plaintiff may file any response in opposition to or in support of

4

relating the cases within **fourteen (14) days** of receipt of the Notice of Related Cases.

  4. The Court now sets the following briefing schedule for Defendants Basa's and Phillips's dispositive motion:

    a. The time in which Defendants Basa and Phillips may file their dispositive motion will be extended up to and including **June 16, 2014.**

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants Basa and Phillips no later than **July 14, 2014.** A notice of what is required of Plaintiff in order to oppose dispositive motions, including summary judgment motions, will be filed at the time of filing of the dispositive motion. *See Woods v. Carey*, 684 F.3d 934, 935, 940-41 (9th Cir. 2012). Plaintiff must pay attention to such a notice as he prepares his opposition to any dispositive motion.

    c. Defendants Basa and Phillips shall file a reply brief no later than **July 28, 2014.**

    d. Due to the previous extensions that have been granted, the advanced age of this case, and the narrowness of the issues remaining for adjudication, the parties should not expect to receive extensions of any of the deadlines set above except upon a specific showing of good cause and extraordinary circumstances.

  5. This Order terminates Docket No. 41.

IT IS SO ORDERED.

DATED:  May 7, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**