United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RAY, JR., | No. C 11-2923 YGR (PR) |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION OF COURT'S DECEMBER 11, 2013 ORDER DISMISSING MUNICIPAL LIABILITY CLAIM AGAINST OAKLAND POLICE DEPARTMENT** |
| v. | |
| CAESAR BASA, et al., | |
| Defendants. / | |

Plaintiff filed the instant *pro se* prisoner complaint under 42 U.S.C. § 1983. Following Plaintiff's incarceration in Santa Rita Jail on multiple robbery charges brought against him in 2006, the Alameda County Social Services Agency, Department of Children and Family Services initiated proceedings that resulted in him losing custody of his four-year-old daughter. This matter deals with alleged constitutional violations stemming from incidents prior to and during the proceedings that resulted in him losing custody of his daughter.

In an Order dated December 11, 2013, the Court issued its "Order Granting Motion for Reconsideration; Vacating October 30, 2013 Dismissal Order; Reopening Action; and Serving Claims," in which it served certain claims and dismissed the remaining claims. Among the dismissed claims was Plaintiff's municipal liability claim against the Oakland Police Department. The Court stated:

> . . . Plaintiff has not alleged grounds for municipal liability against Defendants City of Oakland, Oakland Police Department or County of Alameda based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). Accordingly, Plaintiff's municipal liability claim against Defendants City of Oakland, Oakland Police Department and County of Alameda are DISMISSED.

Dkt. 17 at 6.

Before the Court is Plaintiff's motion for reconsideration of the Court's dismissal of his municipal liability claim against the Oakland Police Department. Dkt. 53. For the reasons discussed below, the Court DENIES Plaintiff's motion for reconsideration.

**DISCUSSION**

Where a district court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). Unless otherwise ordered by the court, no response need be filed to a motion under the Local Rule. *See* Civil L.R. 7-9(c).

Plaintiff's motion recites basic principles of law but they are not relevant here. As mentioned above, Plaintiff challenges the Court's ruling on the municipal liability claim against the Oakland Police Department that he asserted in his amended complaint. However, Plaintiff still fails to allege grounds for municipal liability against the Oakland Police Department based on any theory other than that of respondeat superior.

To be liable, there must be an official policy or custom that caused the constitutional tort, and no such policy or custom has been alleged. *See Monell*, 436 U.S. at 690. As Plaintiff's arguments in support of his motion for reconsideration do not cure the original deficiencies of his municipal liability claim against the Oakland Police Department, there is no need to reconsider the dismissal of this claim.

Accordingly, Plaintiff's motion for reconsideration is DENIED.

This Order terminates Docket No. 53.

IT IS SO ORDERED.

DATED: June 10, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**