1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD V. RAY,

          Plaintiff,

    v.

CAESAR BASA, et al.,

          Defendants.

Case No.  11-cv-02923-YGR (PR)

**ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT**

This is a closed civil rights matter.  Summary judgment was granted in favor of Defendants, and judgment entered on March 27, 2015.  Dkts. 72, 73.  On March 24, 2016, the Ninth Circuit Court of Appeals affirmed this Court's ruling.  Dkt. 77.  The mandate issued on September 16, 2016.  Dkt. 79.

On April 21, 2016 and September 28, 2016, Plaintiff filed motions to vacate the order granting summary judgment for Defendants, which the Court construes to be motions for relief from judgment, under Federal Rules of Civil Procedure 60(b) from its order granting summary judgment.  Dkts. 78, 81.

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for relief from judgment may be based on Rule 60(b) of the Federal Rules of Civil Procedure.  Under Rule 60(b), a movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief.  *See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Such a motion must be made within a "reasonable time," and as to grounds for relief (1)-

(3), no later than one year after the judgment was entered.  *See* Fed. R. Civ. P. 60(c).  Here, Plaintiff seeks relief under Rules 60(b)(1), 60(b)(3), and 60(b)(6).  Dkt. 81 at 1.

As noted above, Petitioner filed his motions for relief from judgment in April 2016 and in September 2016, which are both more than a year after entry of judgment on March 27, 2015.  Therefore, to the extent that these motions seek relief under Rules 60(b)(1) and 60(b)(3), such motions are DENIED as untimely.  *See Nevitt v. U.S.*, 886 F.2d 1187, 1188 (9th Cir. 1989) ("[T]he one-year limitation period is not tolled during an appeal.")

Plaintiff also relies upon Rule 60(b)(6) as a basis for reconsideration, which is the rule permits a court to set aside a judgment for "any other reason that justifies relief."  "Judgments are not often set aside under Rule 60(b)(6).  Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  *Latshaw v. Trainer Wortham Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citations omitted).  The Court finds that Plaintiff has not demonstrated that such extraordinary circumstances exist in this case.  Plaintiff makes conclusory arguments that the Court's March 27, 2015 Order granting summary judgment is "clearly erroneous as a matter of law."  Dkt. 78 at 1.  The Ninth Circuit has found that this Court "properly granted summary judgment on [Petitioner's] due process claims because [Petitioner] failed to raise a genuine dispute of material fact as to whether he filed his action within the statute of limitations."  Dkt. 77 at 2.  The Ninth Circuit further found that this Court "properly concluded that [Petitioner] was not entitled to equitable tolling or equitable estoppel, and did not establish a continuing violation of his rights."  *Id.*  Finally, the Ninth Circuit found that this Court "properly granted summary judgment on [Petitioner's] § 1983 defamation claim against Philips because [Petitioner] failed to raise a genuine issue of material fact as to whether Ray did not receive due process."  *Id.* at 2-3.  Therefore, Plaintiff has not demonstrated a valid ground for relief from judgment under Rule 60(b)(6).

Accordingly, Plaintiff is not entitled to relief from the judgment under any of the aforementioned subsections of Rule 60(b).  Plaintiff's motions for relief from judgment are DENIED.  Dkts. 78, 81.

1    **No further filings will be accepted in this case file as this particular action is closed.**

2    This Order terminates Docket Nos. 78 and 81.

3    IT IS SO ORDERED.

4  Dated:  November 23, 2016

5    _____
     YVONNE GONZALEZ ROGERS
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California